IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kenneth B. Fray, II, | ) |
|                      Plaintiff, | ) Civil Action No. 6:16-2916-TMC |
| v. | ) **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
|                      Defendant. | ) |

The plaintiff, Kenneth B. Fray, II, ("Fray"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 19).[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Fray filed objections to the Report (ECF No. 22), and the Commissioner filed a response to those objections (ECF No. 23). Accordingly, this matter is now ripe for

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

review.

## BACKGROUND

Fray applied for DIB on March 11, 2014, alleging disability beginning on March 5, 2009. (ECF No. 19 at 1). Fray's application was denied initially and on reconsideration. On May 29, 2015, an Administrative Law Judge ("ALJ") heard testimony from Fray and a vocational expert. On July 28, 2015, the ALJ issued a decision denying Fray's claim.

Fray sought review of his case by the Appeals Council. On October 16, 2015, the Appeals Counsel remanded the case for further administrative proceedings. On January 8, 2016, the ALJ held another hearing at which Fray and a vocational expert testified. Fray amended his alleged onset date of disability to August 2, 2013. On February 8, 2016, the ALJ issued a second decision denying Fray's claim. In his decision, the ALJ found that Fray suffered from the following severe impairments: degenerative disk disease, degenerative joint disease, carpal tunnel syndrome, obstructive sleep apnea, and peptic ulcer disease requiring surgery. *Id*. at 2. The ALJ found that, despite Fray's limitations, jobs existed in significant numbers in the national economy that he could perform. *Id*. Fray sought review of his case by the Appeals Council. The Appeals Council denied Fray's second request for review, making the ALJ's decision the final decision of the Commissioner. The present action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard

precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In his objections, Fray contends that the magistrate judge erred by finding that substantial evidence supported the ALJ's assessment of: (1) medical opinion evidence (including the Department of Veteran Affairs' ("VA") disability rating, the opinion of consultative examiner Dr. Scott Shaffer, Ph.D., and the lay witness statements) and (2) Fray's residual functioning capacity ("RFC") with respect to his mental impairments and dumping syndrome.

### I. Medical Opinion Evidence

First, Fray argues that the ALJ failed to properly consider the VA's disability rating. Fray acknowledges that the VA's rating, decided April 22, 2011, occurred prior to the relevant period of time, August 2, 2013, to September 30, 2014, but argues that the findings are relevant because they were "chronic" and persisted throughout the relevant time period. (ECF No. 22 at 2–3).

3

However, as the magistrate judge discussed and quoted at length, the ALJ adequately considered the VA's rating and complied with the holding of the Fourth Circuit Court of Appeals in *Bird v. Commissioner*, 699 F.3d 337 (4th Cir. 2012) by giving substantial reasons for deviating from the VA's findings. (ECF No. 19 at 20–23). Specifically, the ALJ did not find the VA rating to be credible in light of the lack of positive objective findings during the relevant period and because Fray was not receiving treatment for any of the VA mentioned problems except for hypertension, which was being controlled with medication. *Id*. at 20.

Further, Fray's argument in his objection that the VA's findings from over two years before the relevant time period remained relevant is based on a statement by Dr. Jomar Roberts, M.D. that Fray's stomach issues were chronic. (ECF No. 22 at 2). However, the ALJ explained his reasoning for the limited weight given to Dr. Roberts' statement: "Dr. Roberts documented that the claimant's stomach issues were chronic and without significant alleviation with his current regimen; however, that appears to be based upon the claimant's subjective statements and not objective findings. The claimant's physical examination was generally unremarkable." (ECF No. 10-2 at 34); *see Craig v. Chater*, 76 F.3d 585, 590 n.2 (4th Cir. 1996) ("[Claimant] argues that the fact that [the doctor] observed [the claimant] (when she complained about the pain) transforms his observations into "clinical evidence." If this were true, it would completely vitiate any notion of objective clinical medical evidence. There is nothing objective about a doctor saying, without more, "I observed my patient telling me she was in pain."). Again, as noted by the magistrate judge, the lack of positive objective findings regarding Fray's stomach condition during the relevant time period and the fact that Fray did not receive treatment for gastrointestinal issues during the relevant time period support the ALJ's decision. (ECF No. 19 at 20–21).

4

Moreover, treatment notes at Sea Island Medical Practice in September and October 2013 noted no complaints of abdominal pain, no abdominal distention, no bloating, no changes in bowel habits, no food intolerance, no heartburn, no indigestion, no jaundice, no loss of appetite, no weight loss, no nausea, no regurgitation, normal stools, no difficulties swallowing, and no vomiting. (ECF No. 10-10 at 7–8, 14–15, 20–21). Further, while Fray reported frequent stools at a September 2013 appointment at the VA, upon examination, he had a soft, non-tender abdomen with no masses, no distention, bowel sounds present, and no hepatosplenomegaly. (11-1 at 84). In fact, as the magistrate judge noted, Fray did not report gastrointestinal problems to a treating provider again until 2015, after the end of the relevant period. (ECF No. 11-3 at 33). Accordingly, based on the foregoing in addition to the magistrate judge's more extended reasoning, the court agrees with the magistrate judge's finding that the ALJ's decision to deviate from the VA's disability rating is supported by substantial evidence.

Second, Fray argues that the magistrate judge erred by granting significant weight to Dr. Shaffer's opinion but failing to explain why he did not accept a portion of the opinion in which Dr. Shaffer wrote, "[P]robably any such work situations should be of low stress." (ECF No. 22 at 4). However, Fray's second objection restates the same argument that was presented to and addressed in depth by the magistrate judge. (ECF Nos. 16 at 14–18 and 19 at 18–21). *See* 42 U.S.C. § 405(g); *Craig*, 76 F.3d at 589; *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." (citation omitted)).

Fray's argument was adequately addressed in the clear and well-reasoned Report. Like the magistrate judge, the court finds that the ALJ was not required to tailor the RFC to include

every limitation in Dr. Schaffer's opinion, provided the decision sufficiently reflects the ALJ's reasoning and is supported by substantial evidence. *Armentrout v. Astrue*, No. 10-504, 2011 WL 4625931, at *7 (E.D. Va. June 2, 2011) ("While the ALJ assigned 'significant' probative weight to the opinion, the ALJ was not then required to adopt every limitation and incorporate them into the RFC analysis"); *Burge v. Colvin*, No. 7:15-CV-00249-D, 2016 WL 6902118, at *7 (E.D.N.C. Oct. 24, 2016), *adopted by* 2016 WL 6905936 (E.D.N.C. Nov. 23, 2016) ("[I]n according significant weight to a medical opinion, an ALJ is not bound to accept or adopt all the limitations set forth therein . . . ").

Further, while Fray conclusively argues that the ALJ rejected Dr. Shaffer's statement by not explicitly including it in his report, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Rather, an ALJ "need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." *Jackson v. Astrue,* C.A. No. 8:08–cv–2855, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (quoting *Fischer v. Barnhart*, 129 Fed. App'x 297, 303 (7th Cir. 2005)). "The touchstone for determining what evidence must be addressed is whether the evidence is so material that failing to address it would prevent the court from determining if the ALJ's decision was supported by substantial evidence." *Woodbury v. Colvin*, C.A. No. 9:15-CV-2635-DCN, 2016 WL 5539525, at *3 (D.S.C. Sept. 30, 2016). *See also Bowen Transp. Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285–86 (1974) (stating "[w]hile [the court] may not supply a reasoned basis for the agency's action that the agency itself has not given, . . . [the court] will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.").

6

In this case, it is sufficiently apparent that by examining the medical record (and specifically discussing Dr. Shaffer's opinion multiple times), the ALJ considered Dr. Shaffer's complete opinion along with the rest of the discussed medical reports to conclude that, as a whole, the record supported that Fray had the RFC to perform light work as defined in 20 CFR 404.1567(b) with a few modifications, as laid out by the ALJ.

Even if the ALJ should have mentioned Dr. Shaffer's statement in his decision, failure to do so was, as most, harmless error. *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("[R]eversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (internal quotations and citations omitted). The ALJ explicitly agreed with the conclusion of the state agency psychological consultants regarding Fray's lack of severe psychological impairment. (ECF Nos. 10-2 at 34, 19 at 24, and 23 at 6–7). In their reports, cited by the ALJ, the state agency psychological consultants state that, "although it is awkwardly written," they concur with the portion of Dr. Shaffer's report that states that cognitive ability would not interfere with the claimant's productivity. (ECF No. 10-4 at 7, 22). The reports further state, "We are dismissing the latter portion of [Dr. Shaffer's report] (i.e., 'probably any such work situations should be of low stress') because the latter portion appears to be based on the clmt's physical condition, and the presence of a physical condition and the severity of a physical condition are more appropriately determined by a physician . . . ." *Id.*

The court agrees that Dr. Shaffer's statement is awkwardly worded. It is not readily apparent whether he refers to mental or physical stress. Further, his quote is not a definite statement or recommendation—rather, it begins with, "Probably . . . ." (ECF No. 11-3 at 13). Accordingly, while the ALJ appears to have adequately considered and weighed Dr. Shaffer's opinion, if his failure to explicitly address the aforementioned quote was in error, it is harmless

error because consideration of the unclear, non-definite statement would not affect the substance of the ALJ's decision.

Finally, Fray reiterates his argument regarding the ALJ's evaluation of the lay witnesses' testimony. As noted by the magistrate judge, the ALJ cited to substantial evidence in discounting Fray's subjective complaints, which were similar to the limitations outlined by the lay witnesses. *See Bazar v. Colvin,* No. 9:14-cv-537-TMC, 2015 WL 1268012, at *12 (D.S.C. Mar. 19, 2015) ("Where a lay witness's testimony merely repeats the allegations of a plaintiff's own testimony and is likewise contradicted by the same objective evidence discrediting the plaintiff's own testimony, specific reasons are not necessary for dismissing the lay witness's testimony."). In his objection, Fray questions why Sea Island Medical Practice would have knowledge of his digestive problems and bathroom needs when it did not treat him for digestive problems. However, Fray's argument is unhelpful for his case because as the ALJ noted, there is a lack of positive objective medical findings during the relevant period to support Fray's subjective complaints of frequent stools or dumping syndrome. Accordingly, the reason why a particular provider would have knowledge of Fray's alleged condition is immaterial. Of significance is the fact that none of the providers visited by Fray during the relevant time period contributed objective evidence to the record of his alleged digestive issues. As noted in detail above, substantial evidence in the record supports the ALJ's decision to discount Fray's subjective complaints. (ECF No. 19 at 26). Further, the court agrees with the magistrate judge's finding that failure to mention the opinion of James Petersen's, Fray's former employer, regarding consequences of his frequent bathroom breaks, was harmless error because the ALJ adequately addressed and provided numerous specific reasons for discounting Fray's similar

statements.[3] Additional reasons for discounting the duplicative statement of Mr. Petersen was unnecessary. *Bazar*, 2015 WL 1268012, at *12; *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding the ALJ's error harmless where the ALJ would have reached the same result notwithstanding). Accordingly, the court overrules Fray's objection.

## II. Residual Functioning Capacity

Next Fray alleges that the ALJ's RFC analysis was erroneous. He largely restates the arguments from his brief and asks the court to reweigh Fray's credibility.[4] His specific objection asserts that the magistrate judge failed to address a mental health treatment note from August 6, 2015, which he alleges was incorrectly summarized by the ALJ. (ECF No. 22 at 7).

As the magistrate judge noted in his Report, during the relevant time period, Fray received no mental health treatment. (ECF No. 19 at 27). The ALJ acknowledged that Fray resumed mental health treatment in August 2015, one year after the end of the relevant period, but noted that the examination findings were "rather unremarkable."[5] (ECF No. 10-2 at 33).

---

[3] In evaluating Fray's subjective complaints, the ALJ noted that the treatment notes from Sea Island Medical Practice reflect no gastrointestinal problems; the record also lacked reports of malabsorption syndrome, fecal incontinence, electrolyte imbalances, or unexplained weight loss; Fray's subjective complaints were inconsistent with his activities of daily living which included working on his boat, household tasks, caring for his dog, cooking, cleaning, laundry, shopping, driving, yard work, managing finances, personal care, watching television, using the internet, and doing "most" of the household chores and some cooking because his wife was a student. (ECF No. 19 at 26).

[4] Such reweighing of the evidence is not within the province of this court. *See Johnson*, 434 F.3d at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). In his report, the ALJ considered Fray's activities of daily living to be inconsistent with his allegations of his functional limitations (ECF No. 10-2 at 33) and found his subjective complaints and limitations to be overstated compared to what the record objectively showed, *id.* at 32. The ALJ's analysis of Fray's credibility was supported by substantial evidence.

[5] The ALJ noted that Fray "denied the intent of his evaluation was to provide recent documentation to the Social Security Administration regarding his mental health concerns." (ECF No. 10-2 at 33).

The progress notes, cited by the ALJ, stated consistently that despite a depressed and anxious mood, Fray had appropriate grooming and hygiene; normal speech; no hallucinations or delusions; logical thought process; intact association; intact memory; full orientation; intact attention/concentration; and fair insight and judgment. (ECF Nos. 11-5 at 40–41, 60–61, 63–64, 72–73 and 11-6 at 3–4). The fact that these progress notes occurred over a year after the relevant period, the fact that Fray's objection relies on a PHQ9 exam (which is a self-administered diagnostic exam for depression) (ECF No. 17 at 32 n.10), and the fact that Fray points to his behavior in just one of the several meetings does not serve to contradict the fact that substantial evidence supported the ALJ's analysis. Considering the conclusions of the state agency psychologists and Dr. Shaffer, as well as Fray's activities of daily living, there is substantial evidence in the record to support the ALJ's mental health finding with regard to Fray's RFC. Accordingly, the court finds Fray's objection to be without merit.

## CONCLUSION

Having conducted the required de novo review of the issues to which Fray has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in his Report, and finds that the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 19) and the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 9, 2018